CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 19 2018

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DAWN J. MESSINA, | ) |
| Plaintiff, | ) Case No.: 4:17-cv-00075 |
| v. | ) **MEMORANDUM OPINION** |
| SAM'S EAST, INC., and SAM'S REAL ESTATE BUSINESS TRUST, | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |
| Defendants. | ) |

Before the Court is Defendants Sam's Club East, Inc., and Sam's Real Estate Business Trust's (collectively "Sam's Club") Motion for Summary Judgment ("the Motion"). [ECF No. 35]. The matter was fully briefed by the parties, and I heard oral argument on the Motion on July 12, 2018. I have reviewed the evidence, arguments of counsel, and applicable law. The matter is now ripe for disposition. For the reasons stated herein, I will deny the Motion.

**I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

Pursuant to the appropriate standard of review, the facts are recounted in the light most favorable to Plaintiff, the party opposing summary judgment. See Scott v. Harris, 550 U.S. 372, 380 (2007).

Sam's Club owns and operates a retail store in Danville, Virginia. The store is laid out in such a way that the area near the cash registers, through which most patrons pass after completing their purchases, is known by Sam's Club as "Action Alley." Immediately adjacent to action alley are several tables at which patrons may sit after making food and drink purchases at Sam's Club's in-store café.

Plaintiff Dawn J. Messina ("Plaintiff") was shopping at Sam's Club on August 21, 2015. A surveillance video shows several important minutes of that day.

While in the store, Plaintiff was walking through Action Alley and past the café area. As she turned right out of Action Alley and passed in front of a table, she slipped on a liquid substance on the floor and fell to her knee. After falling, Plaintiff looked back and noticed clear liquid on the floor where she slipped. Sam's Club employees immediately tended to her and cleaned up the liquid. As a result of her fall, Plaintiff injured her left thumb and right knee.

Prior to her fall, a Sam's Club employee is seen cleaning tables near where Plaintiff fell. Although the employee did not clean the table where Plaintiff fell, he cleaned a table next to it.

The surveillance video shows a spot on the floor in the approximate area where Plaintiff fell. From the beginning of the video until Plaintiff's fall over eight minutes later, the spot is visible. After Plaintiff's fall and after a Sam's employee wiped the floor with a paper towel, the spot is no longer visible.

Plaintiff filed suit in the Circuit Court for the City of Danville on July 17, 2017, and Sam's Club removed the action to this Court on October 20, 2017. Following discovery, Sam's Club filed its Motion for Summary Judgment on June 13, 2018. [ECF No. 35.] Plaintiff responded on July 26 [ECF No. 41], and Sam's Club replied on July 3 [ECF No. 45]. I heard oral argument on July 12, and advised the parties that I would prepare a written opinion outlining the reasoning for my ruling. This Memorandum Opinion serves that purpose.

**II.     STANDARD OF REVIEW**

Summary judgment is appropriate where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 392 (4th Cir. 2009). A genuine dispute of material

fact exists "[w]here the record taken as a whole could…lead a rational trier of fact to find for the nonmoving party." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal quotation marks and citing reference omitted); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute cannot be created where there is only a scintilla of evidence favoring the nonmovant; rather, the Court must look to the quantum of proof applicable to the claim to determine whether a genuine dispute exists. Scott, 550 U.S. at 380; Anderson, 477 U.S. at 249−50, 254. Not every factual dispute will defeat a summary judgment motion; there must be a *genuine* dispute over a *material* fact. Anderson, 477 U.S. at 247–48. A fact is material where it might affect the outcome of the case in light of the controlling law. Id. at 248. On a motion for summary judgment, the facts are taken in the light most favorable to the non-moving party insofar as there is a genuine dispute about those facts. Scott, 550 U.S. at 380. At this stage, however, the Court's role is not to weigh the evidence, but simply to determine whether a genuine dispute exists making it appropriate for the case to proceed to trial. Anderson, 477 U.S. at 249.

In a diversity case, a federal court must apply the substantive law of the forum state. See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Therefore, the Virginia law applicable to slip-and-fall cases governs this case. Logan v. Boddie-Noell Enter., Inc., No. 4:11-cv-8, 2012 WL 135284, at *4 (W.D. Va. January 18, 2012).

### III. DISCUSSION

The parties agree that Plaintiff was a Sam's Club's invitee. In Virginia, a business owner owes an invitee:

> the duty to exercise ordinary care toward her as its invitee upon the premises. In carrying out this duty, [the business owner is] required to have the premises in a reasonably safe condition for [the invitee's] visit; to remove, within a reasonable time, foreign

> objects from its floors which it may have placed there or which it knew, or should have known, that others persons had placed there; [and] to warn [the invitee] of the unsafe condition if it was unknown to her, but was or should have been, known to the [business owner].

Colonial Stores Inc. v. Pulley, 125 S.E.2d 188, 190 (Va. 1962). A plaintiff "must introduce evidence of the responsible person's actual or constructive knowledge of a defective condition on the premises to establish a prima facie case of negligence." Grim v. Rahe, Inc., 434 S.E.2d 888, 889 (Va. 1993).

In the absence of actual knowledge, constructive knowledge may be demonstrated by "evidence that the defect was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890. See also Harrison v. The Kroger Co., 737 F. Supp. 2d, 554, 558 (W.D. Va. 2010). In Grim, a "broken fluorescent light" burned the plaintiff, a toddler, after he touched the area under a customer counter. Grim, 434 S.E.2d at 888. The Supreme Court of Virginia held that, because the plaintiff had failed to provide any evidence "as to when the fixture was broken [or] how it was broken," it could not establish that it had existed long enough to give the defendant constructive notice of its existence. Id. at 890. As a result, the defendant prevailed as a matter of law.

### A. Notice

Plaintiff concedes that this is a case of constructive notice as she does not have evidence that any Sam's Club employee actually knew about the liquid on the floor. Unlike the plaintiff in Grim, however, Plaintiff has presented evidence (taken as true at this stage) to show that the liquid was on the floor in the café area for *at least* eight and a half minutes. While Sam's Club disputes that the spot visible on the floor in the surveillance camera footage is the substance on which Plaintiff slipped, the evidence is at least in conflict as to that point. Accordingly, because

Plaintiff is the non-moving party, I take all inferences in her favor and assume that the spot (which disappears after being cleaned by a Sam's Club employee) is the liquid on which she fell.

The next question to be answered is whether a spill that was present for at least eight and a half minutes in a high-traffic area in which food and beverages are sold for immediate consumption "existed for a sufficient length of time to charge its possessor with notice of its defective condition." Id. at 890. The vast majority of cases granting summary judgment on the issue of constructive notice concluded that it was not possible to determine how long the dangerous condition at issue had existed, and thus the plaintiff could not show constructive notice. See, e.g., Johnson v. Food Lion, Inc., 99 F.3d 1130 (table), 1996 WL 623228, at *2 (4th Cir. 1996) (per curiam) (unpublished); Gauldin v. Va. Winn-Dixie, Inc., 370 F.2d 167, 170 (4th Cir. 1966); Mullen v. Winn-Dixie Stores, Inc., 252 F.2d 232, 232–33 (4th Cir. 1958) (applying South Carolina law); Smith v. K-Mart Corp., No. 1:16cv00020, 2017 WL 1483457, at *3 (W.D. Va. Feb. 2, 2017); Hassanzadeh v. Whole Foods Market Group, Inc., No. 1:15cv00427, 2016 WL 183542, at *4 (E.D. Va. Jan. 14, 2016); Anderson v. United States, No. 4:12cv176, 2013 WL 12125741, at *4 (E.D. Va. July 29, 2013); Logan v. Boddie-Noell Enters., Inc., No. 4:11-cv-00008, 2012 WL 135284, at *8 (W.D. Va. Jan. 18, 2012); Haliburton v. Food Lino, LLC, No. 3:07cv622, 2008 WL 1809127, at *3 (E.D. Va. Apr. 21, 2008). Such is not the case here. The surveillance video establishes that, at a minimum, the liquid was on the floor for *at least* eight and a half minutes, and that a Sam's Club employee was present in the area, cleaning, while the liquid was on the floor.

"[W]ith respect to the issue of notice, plaintiff need only show that under some reasonable inference from the evidence [the store owner's] duty to warn against or remedy the dangerous condition had been triggered." Austin v. Shoney's, Inc., 486 S.E.2d 285, 288 (Va.

1997). The length of time the spill was visible, coupled with the presence of Sam's Club employees in the area who were tasked with cleaning the area, creates a jury issue on whether Sam's Club should have been on notice about the existence of a hazardous condition.

Sam's Club argues that, because Plaintiff has not identified *how* the liquid came to be on the floor, a finding of constructive notice is not proper. I am not convinced by that argument. Those cases discussing the lack of origination evidence concern speculation as to how long the hazard condition had existed; they do not turn on the lack of origination evidence. See, e.g., Eure v. Kroger Ltd. Partnership I, No. 7:11-cv-00190, 2012 WL 896347, at *5 (W.D. Va. Mar. 15, 2012). The issue in those cases is almost always that, without knowing *how* the hazardous condition came about *or for how long it existed*, the plaintiff cannot establish constructive notice. If a plaintiff can show *how* a spill came about, she can show *when*. And once she establishes *when*, a court can determine *for how long* the condition existed without correction. That is the evidence that establishes constructive notice.

Here, there is no evidence of how the spill occurred, but there is evidence as to how long it had been on the floor. The surveillance video shows that the spill was on the floor for *at least* eight and a half minutes. I cannot say as a matter of law that Sam's Club should have been on notice of the condition after that period of time, but I cannot say that it should not have either. Therefore, the question is appropriate for a jury, and summary judgment will be denied.

**B. Contributory Negligence**

Sam's Club offers the alternate argument that, if the spill *is* visible on the surveillance video, then it should have been visible to Plaintiff, and it had no duty to warn of an open and obvious hazard. See Fultz v. Delhaize America, Inc., 677 S.E.2d 272, 274 (Va. 2009); Knight v. Moore, 18 S.E.2d 266, 269 (Va. 1942).

"A business invitee has the duty to be aware of open and obvious dangers," O'Brien v. Everfast, Inc., 491 S.E.2d 712, 715 (Va. 1997) (citing Tazewell Supply Co. v. Turner, 189 S.E.2d 347, 349 (1972)), and "[a] plaintiff who slips and falls as a result of an open and obvious danger is guilty of contributory negligence as a matter of law," Logan, 2012 WL 135284, at *9. This is true regardless of whether the plaintiff saw the danger or not. See Cameron v. K-Mart Corp., No. 3:09cv81, 2010 WL 2991014, at *3 (W.D. Va. July 28, 2010) (citing Rocky Mount Shopping Ctr. Assoc. v. Steagall, 369 S.E.2d 193, 194 (Va. 1988)). The question of whether a danger was "open and obvious" is typically one of fact reserved for the jury. Shiflett v. M. Timberlake, Inc., 137 S.E.2d 908, 912 (1972). "In clear cases, however, the contributory negligence of the plaintiff may be established as a matter of law." Newcomb v. Food Lion, 94 F.3d 642 (table), 1996 WL 469902, at *2 (4th Cir. Aug. 20, 1996) (per curiam) (unpublished).

"Courts in this jurisdiction have held that the guiding inquiry in determining whether a defect was open and obvious is whether the plaintiff would have seen the hazard had [she] been looking." Logan, 2012 WL 135284, at *9 (internal quotations omitted). The Supreme Court of Virginia, however, has declined to hold that one is negligent as a matter of law for failing to look down while stepping forward. See id. "[R]ather, courts should consider the circumstances of each case. The relevant standard, therefore, is essentially a totality of the circumstances test." Id. (internal citations omitted).

I cannot conclude, based on the evidence before me, that Plaintiff was negligent as a matter of law. The surveillance video does not establish that a reasonably prudent person, exercising due care for her own safety, would have seen the liquid on the floor. See Knight, 18 S.E.2d at 269. Several patrons passed over the area during the period when the liquid was on the floor, and none appear to notice it. Moreover, Plaintiff testified that the liquid was clear. The

fact that it is visible on the surveillance camera is not definitive evidence that it was visible to those approaching it from a different angle. As is often the case, the question of contributory negligence is most appropriate for a jury, and summary judgment will be denied.

## IV.     CONCLUSION

At this stage, the evidence does not establish that Sam's Club was not on notice of the dangerous condition that existed in its store, or that Plaintiff was contributorily negligent as a matter of law. Accordingly, summary judgment will be denied.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTERED** this 19th day of July, 2018.

                                                  s/Jackson L. Kiser
                                                  SENIOR UNITED STATES DISTRICT JUDGE